**EXHIBIT A**

The below list is a summary of the types of information that is potentially relevant to this action. This list is not all inclusive and Plaintiffs and the Putative Class (the "Plaintiffs") fully reserve their rights to seek the production and/or preservation of additional information relevant to the case titled *Redmond et al. v. Facebook Inc. et al.*, C.A. No. 1:18-CV-00531-VAC-MPT (the "Data Privacy Litigation"). Cambridge Analytica Holdings LLC ("Holdings" or the "Company") is required to preserve evidence that is not included on the below list if such information is potentially relevant to Plaintiffs' claims in the Data Privacy Litigation.

**Definitions and Instructions**

As used in this document, "you" and "your" refers to Holdings and its predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, agents, attorneys, employees, partners or other persons occupying similar positions or performing similar functions (the "Defendants").

As used herein, "electronically stored information" ("ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (*e.g.*, e-mail, voice mail, instant messaging);
- Word processed documents (*e.g.*, Word or WordPerfect documents and drafts);
- Spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets);
- Image and Facsimile Files (*e.g.*, .PDF, .TIFF, .JPG, .GIF images);
- Data received from GSR, Kogan, and/or Facebook;
- Sound Recordings (*e.g.*, .WAV and .MP3 files);
- Video and Animation (*e.g.*, .AVI and .MOV files);
- Databases (*e.g.*, Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (*e.g.*, Outlook, ACT!);
- Calendar and Diary Application Data (*e.g.*, Outlook PST, Yahoo, blog tools);
- Online Access Data (*e.g.*, Temporary Internet Files, History, Cookies);
- Presentations (*e.g.*, PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and
- Back Up and Archival Files (*e.g.*, Zip, GHO).

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

The demand that you preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to amendments to the Federal Rules of Civil Procedure that have been approved by the United States Supreme Court (effective 12/1/06), you must identify all sources of ESI you

decline to produce and demonstrate to the Court why such sources are not reasonably accessible. For good cause shown, the Court may then order production of the ESI, even if it finds that it is not reasonably accessible.  Accordingly, even ESI that you deem reasonably inaccessible must be preserved in the interim so as not to deprive Plaintiffs of their right to secure the evidence or the Court of its right to adjudicate the issue.

**Documents**

Documents include potentially relevant information, including tangible documents and electronically stored information with the earlier of a Created or Last Modified date on or after January 1, 2014, through the date of this demand and concerning:

1. The events and causes of action described in the Data Privacy Litigation;

2. ESI you may use to support claims or defenses in the Data Privacy Litigation;

3. Board meeting minutes and documents;

4. Communications between you and any other Defendant in the Data Privacy Litigation;

5. Communications with other third parties about the data acquired from Global Science Research Ltd. ("GSR"), Aleksandr Kogan ("Kogan"), and/or Facebook, Inc.("Facebook");

6. Agreements, contracts, memoranda of understanding or any other documents that memorialize your relationship with GSR and Kogan;

7. Agreements, contracts, memoranda of understanding or any other documents that memorialize your relationship with Emerdata Ltd.

8. Communications between you and Emerdata Ltd.

9. All documents relating to any response to any government subpoena related in any way to the events or causes of action described in the Data Privacy Litigation;

10. Communications or discussions including with Board members, investors, or advisors about data, or the use of data, acquired in conjunction with GSR, Kogan, or Facebook;

11. The organizational structure of Holdings, including the names, titles and responsibilities of each of Holdings' employees; and

12. Any insurance policy, indemnification agreement or bylaws under which any Defendants may claim coverage to satisfy part or all of the possible liabilities resulting from any of the claims asserted in this litigation.